UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                          Case No. 07-20333

                                          Honorable Patrick J. Duggan

D-1 DONALD WAYNE FLINT,
    a/k/a "Black"

    Defendant.
                                    /

## OPINION AND ORDER DENYING DEFENDANT'S
## MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 27, 2008.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

Defendant Donald Wayne Flint was charged in a four count First Superseding Indictment, with violations of 18 U.S.C. § 371 (Conspiracy to Commit Crimes Against the United States); 18 U.S.C. §§ 1591, 2 (Sex Trafficking in Children, Aiding and Abetting); 18 U.S.C. § 2423(a), 2 (Interstate Transportation of Minors for Prostitution, Aiding and Abetting); and 18 U.S.C. § 2421, 2 (Interstate Transportation for Prostitution, Aiding and Abetting).

A jury trial was held in this matter commencing on August 19, 2008. At the close of the government's evidence, Defendant moved for a judgment of acquittal pursuant to Fed.

R. Crim. P. 29(a). The Court denied Defendant's motion, determining that sufficient evidence was presented to the jury to sustain a conviction on the charges. On August 21, 2008, Defendant was found guilty by the jury on Counts Two (2) and Three (3) of the First Superseding Indictment, and found not guilty on Counts One (1) and Four (4).

Presently before the Court is Defendant's motion for judgment notwithstanding the verdict with respect to Counts Two and Three on the basis that there was not sufficient evidence presented by the government to allow these guilty verdicts to stand.

**I. Count Two: Sex Trafficking of Children, Aiding and Abetting in Violation of 18 U.S.C. §§ 1591(a)(1), 2**

> 18 U.S.C. § 1591(a)(1) provides that:
>
> Whoever knowingly in or affecting interstate or foreign commerce . . . recruits, entices, harbors, transports, provides, or obtains by any means a person . . .
>
> . . .
>
> knowing . . . that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

With respect to this count, the jury was specifically instructed that, in order to find Defendant guilty of this offense, the jury would have to find:

> (A) First, that the Defendant knowingly recruited, enticed, harbored, transported, or obtained a person whom the defendant knew would be caused to engage in a commercial sex act [which was defined as "any sex act, on account of which anything of value is given to or received by any person"];
>
> (B) Second, that the Defendant also knew that the person was under 18 years of age; and

(C) Third, that the offense was in or affecting interstate commerce.

Defendant contends that the evidence did not support the jury verdict in regard to the third element.[1] Specifically, Defendant argues that "in this case there is no affect [sic] on interstate commerce and any and all planning for the prostitution, and the prostitution itself, occurred after the transportation from outside of the state of Michigan was concluded." (Def. Brief at 4.) In response, the government contends that it need only prove that:

> the *offense* was in or affecting interstate commerce, an element that may be proven in a number of different ways. In Count Two, the Government need not prove the defendant transported the minor in interstate commerce for the purpose of prostitution. Rather, only that the offense of prostitution was in or affecting interstate commerce.

(Gov. Brief at 10.)

In support of its position, the government cites *United State v. Evans*, 476 F.3d 1176 (11th Cir. 2007), in which the court upheld a conviction for a violation of § 1591 even though all of the "commercial sex activity" took place in Florida. The court stated:

> Evans's enticement of Jane Doe to commit prostitution, even though his actions occurred solely in Florida, had the capacity when considered in the aggregate with similar conduct by others, to frustrate Congress's broader regulation of interstate and foreign economic activity. . . . Evans's use of hotels that served interstate travelers and distribution of condoms that traveled in interstate commerce are further evidence that Evans's conduct substantially affected interstate commerce. *See United States v. Pipkins*, 378 F.3d 1281 (11th Cir. 2004).

*Id.* at 1179. The government contends that the evidence in this case establishes an even

---

[1] As to the second element, the minor testified that she was fifteen years old at the time of the events in question.

3

stronger effect on interstate commerce:

> In this case, the affect [sic] on interstate commerce was far more direct, since the defendant transported the minor to Michigan from Cleveland for prostitution. Moreover, while in Michigan, the defendant, Roney, Crawley and the minor drove around the Detroit area in a vehicle that was registered in Ohio, the defendant supplied the minor with clothing and personal accessories and condoms to further the prostitution activity. The defendant purchased and provided the minor with food and drugs; and the defendant rented a room at a motel that serves out-of-state travelers with the proceeds of the minor's prostitution activity.

(Gov. Brief at 11.)

In this Court's opinion, the "activity" for which Defendant was found guilty did affect interstate commerce. Although the Court does not recall any testimony that the expressed purpose of the trip from Cleveland to Detroit was to engage in prostitution–i.e., there was no testimony that Defendant, prior to entering Michigan, expressed his intent that the minor engage in prostitution when in Michigan–the evidence does support a conclusion that the travel from Ohio to Michigan did result in the minor engaging in prostitution in a manner that affected interstate commerce. Specifically, the evidence supports a conclusion that Defendant was aware of the fact that the minor had, prior to the trip to Michigan, engaged in prostitution; that, after they arrived in Michigan, Defendant told the minor how to prostitute, where to walk, and what to charge; that Defendant paid for a hotel room in Detroit; and that Defendant bought the minor clothing, hair extensions and fake nails–items that arguably moved in interstate commerce–to further her prostitution activity. Furthermore, there was testimony that, in fact, the minor engaged in two acts of prostitution while in Detroit, that one of those acts took place in a second Detroit hotel, and that the Defendant

4

took the money the minor received from the prostitution activity.

In this Court's opinion, the evidence, including that set forth above, was sufficient to allow the jury to find the Defendant guilty beyond a reasonable doubt of Count Two. The evidence in this case is even stronger than the evidence in *Evans* because in this case it is undisputed that the Defendant and the two females traveled from Ohio to Michigan and that such travel resulted in the minor engaging in prostitution.

**II. Count Three: Interstate Transportation of Minors for Prostitution, Aiding and Abetting in Violation of 18 U.S.C. § 2423(a)**

18 U.S.C. §2423(a) provides:

> A person who knowingly transports an individual who has not obtained the age of 18 years in interstate or foreign commerce . . . with the intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life.

With respect to this count, the jury was specifically instructed that, in order to find Defendant guilty of this offense, the jury would have to find:

(A) First, that the Defendant knowingly transported an individual in interstate commerce;

(B) Second, that the Defendant did this with the intent that the individual transported engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, or both; and

(C) Third, that the individual transported was under the age of 18 at the time.

Defendant challenges the sufficiency of the evidence in regard to the second element of this offense. Defendant asserts that "[t]he evidence of all three witnesses who testified on

this subject uniformly stated that the discussion and consideration of prostitution of a minor occurred after the transportation from Ohio to Michigan concluded." (Def. Mot. at 2.) Therefore, Defendant concludes that, "[i]n this case, there is no affect [sic] on interstate commerce and whatever intent there was occurred after the transportation from Ohio into Michigan ceased." (Def. Brief at 4.)

In this Court's opinion, the evidence identified by the Court in support of Count Two also allowed the jury to find the Defendant guilty with respect to Count Three. Again, evidence at trial supports the conclusion that Defendant was aware that the minor had engaged in prostitution in Cleveland; that soon after the arrival in Michigan Defendant rented a motel room in an area known for prostitution; that Defendant told the minor how to prostitute, where to walk, and what to charge; that Defendant bought the minor clothing, hair extensions, and fake nails; and that Defendant then received the money the minor "earned from prostitution." Additionally, the minor testified that Defendant had been giving clues during the drive from Ohio to Michigan about his desire that she engage in prostitution, but that she only came to understand those clues in hindsight. In this Court's opinion, there was sufficient circumstantial evidence from which a jury could conclude that Defendant brought the minor from Ohio to Michigan for the purpose of prostitution.

Furthermore, the jury was informed that it is also a violation of § 2423 for an individual to transport a minor in interstate commerce with the intent that such minor engage in "a sexual activity for which any person can be charged with a criminal offense." The jury was instructed that, under Michigan law, an individual may be charged with a criminal offense

6

if he or she engages in sexual penetration with another person when the other person is between the ages of 13 and 16 years.[2] The testimony revealed that Defendant engaged in sexual intercourse with the minor in Cleveland the night before the group left for Detroit; that he paid for a motel room in Detroit; and that he engaged in sexual intercourse with the minor after arriving in Detroit. In this Court's opinion, the evidence was sufficient to allow the jury to conclude, beyond a reasonable doubt, that the Defendant transported the minor from Ohio to Michigan with the intent that they engage in sexual intercourse in Michigan, which constitutes "sexual activity for which any person can be charged with a criminal offense" in Michigan.

For the reasons set forth above, the Court **DENIES** Defendant's Motion for Judgment Notwithstanding the Verdict.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Saima Mohsin, AUSA
Seymour Berger, Esq.

---

[2] As noted above, the minor testified that she was fifteen years old.